NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RICHARD O'BRIEN, *pro se*, | : |
| Plaintiff, | :  Civ. No. 05-3809 (GEB) |
| v. | :  **MEMORANDUM OPINION** |
| STATE OF NEW JERSEY, | : |
| Defendant. | : |

**BROWN, Chief Judge**

This matter comes before the Court upon defendant State of New Jersey's ("Defendant") deficient motion to dismiss plaintiff Richard O'Brien's ("Plaintiff") Complaint.[1] The Court, having considered the parties' submissions, and having decided this matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, will grant Defendant's motion to dismiss the Complaint.

**I.  BACKGROUND**

As set forth in Defendant's moving brief, this matter arises out of Plaintiff's termination from his position as a firefighter with the City of Hackensack. Plaintiff filed an appeal and request for interim relief with the New Jersey Department of Personnel Merit System Board,

---

[1] The parties' respective submissions were received in chambers, but the docket does not reflect that they were otherwise properly filed. In conjunction with this Memorandum Opinion, the submissions will be filed with the Clerk so that the docket may accurately reflect the history of this case. Plaintiff's most recent submission, however, is essentially a sur reply to Defendant's motion, which is impermissible absent approval by the Court. L. Civ. R. 7.1(d)(6). The Court is unaware of any prior approval and that submission will be stricken from the record.

which was denied on March 28, 1996, on the basis of Plaintiff's failure to appear at the hearing. (Certification of Lisa Dorio Ruch at Exhibit A.)  On July 2, 1998, the Merit System Board issued a letter informing Plaintiff that his appeal, dated July 2, 1997, was untimely.  (See Certification of Lisa Dorio Ruch at Exhibit B.)

On August 1, 2005, Plaintiff filed the instant civil action with this Court, alleging a violation of his constitutional rights by Defendant's negligence in allegedly holding the hearing ten months before he filed his appeal.  Plaintiff's Complaint seeks to have the Court waive the time limitation upon Plaintiff's appeal, vacate the final determination of the Department of Personnel, and impose damages against Defendant.  On or about August 5, 2005, Plaintiff informed the Court of his intention to name solely Defendant in his Complaint.  On March 14, 2006, the magistrate judge entered an order denying Plaintiff's motion to amend the Complaint to add several individuals as defendants for failure to present a basis for adding the individuals.

**II.  DISCUSSION**

    A.  Standard for a Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief.  Oran v. Stafford, 226 F.3d 275, 279 (3d Cir. 2000); Langford v. City of Atlantic City, 235 F.3d 845, 850 (3d Cir. 2000); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir. 1986).  The Court may not dismiss a complaint unless plaintiff can prove no set of facts that would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944

(3d Cir.), cert. denied, 474 U.S. 935 (1985).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Under Rule 12(b)(6), the Court must "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff.  [The motion can be granted] only if no relief could be granted under any set of facts that could be proved."  Turbe v. Government of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991)(citing Unger v. Nat'l Residents Matching Program, 928 F.2d 1392, 1394-95 (3d Cir. 1991)); see also Langford, 235 F.3d at 850; Dykes v. Southeastern Pa. Transp. Auth., 68 F.3d 1564, 1565 n.1 (3d Cir. 1995), cert. denied, 517 U.S. 1142 (1996); Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).  A complaint may be dismissed for failure to state a claim where it appears beyond any doubt "that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)(citation omitted).

A complaint should not be dismissed unless it appears beyond doubt that "the facts alleged in the complaint, even if true, fail to support the . . . claim . . . ."  Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).  Legal conclusions made in the guise of factual allegations, however, are given no presumption of truthfulness.  Papasan v. Allain, 478 U.S. 265, 286 (1986)(citation omitted); see also Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) (stating that "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss.")(citations omitted)).

> B. Plaintiff's Claims Are Dismissed Pursuant to Defendant's Immunity Under the Eleventh Amendment

As Defendant notes, the Supreme Court has long held that, under the Eleventh Amendment, nonconsenting states may not be sued by private individuals in federal court. See, e.g., Bd. of Trustees of the Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001)(citations omitted). "However, this broad grant of immunity has been qualified by the judicial doctrine of Ex Parte Young, which allows suits against States in federal court seeking prospective injunctive relief to proceed only against state officials acting in their official capacities." Doe v. Div. of Youth and Family Servs., 148 F. Supp. 2d 462, 483 (D.N.J. 2001)(citing Ex Parte Young, 209 U.S. 123 (1908)).

To determine the effect of Ex Parte Young on the instant case, the Supreme Court has stated that "a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" Pennsylvania Fed'n of Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310 (3d Cir. 2002)(citing Verizon Maryland, Inc. v. Public Serv. Comm'n of Maryland, 535 U.S. 635, 645 (2002)).  The Court finds that Plaintiff's Complaint both alleges a past violation of federal law and seeks retrospective relief against Defendant, which are barred by the Eleventh Amendment. Furthermore, where Ex Parte Young would allow suit against state officials, Plaintiff made clear his intention to simply sue the State.  Therefore, Plaintiff could prove no set of facts that would entitled him to relief and his Complaint must be dismissed.[2]

---

[2] Additionally, the Supreme Court has held that ordinary negligence is not actionable under the Due Process Clause in that "lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person.  To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old

Having determined that Plaintiff's claims are dismissed pursuant to Eleventh Amendment immunity, the Court need not address Defendant's other grounds for dismissal.

### III.  CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Complaint is granted.  An appropriate form of order is filed herewith.


Dated: April 3, 2006


    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.

---

principle of due process of law." Daniels v. Williams, 474 U.S. 327, 332 (1986).